DANIEL G. BOGDEN
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775)784-5438
Elizabeth.O.White@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLIFTON JAMES JACKSON,<br><br>    Defendant. | 3:11-cr-142-RCJ-VPC<br><br>**Joint Motion to Correct Sentence Under 28 U.S.C. § 2255** |

THE UNITED STATES, by Elizabeth O. White, Appellate Chief and Assistant United States Attorney, and Clifton James Jackson, through his counsel, Nisha Brooks-Whittington, Assistant Federal Public Defender, respectfully move this Court to vacate Jackson's sentence under 28 U.S.C. § 2255, and set a briefing schedule for re-sentencing,

## I. Introduction

In February 2012, a jury convicted Jackson of possession of a firearm by a convicted felon. ECF No. 30. At sentencing, this Court found that Jackson qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(2)(B) ("the ACCA"), and

sentenced him to 180 months' imprisonment. ECF Nos. 61, 65. In doing so, the Court relied on, among other things, a prior offense (attempted robbery) that was a "violent felony" only by virtue of the ACCA's residual clause. *See* PSR ¶¶ 24, 41. Jackson appealed, CR 63, and the court of appeals affirmed. CR 74. In 2014, Jackson filed a § 2255 motion, CR 84, 85, which this Court denied. CR 86.

In June 2015, the Supreme Court issued its decision in *Johnson* v. *United States*, 135 S. Ct. 2251 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act's "violent felony" definition is void for vagueness. The Supreme Court subsequently held that the rule announced in *Johnson* provides retroactive relief to defendants who were sentenced as Armed Career Criminals based on offenses deemed "violent felonies" only by virtue of the residual clause. *See Welch* v. *United States*, 136 S. Ct. 1257 (2016).

## II.     Points and Authorities

In light of *Johnson* and *Welch*, the parties agree that Jackson does not qualify as an Armed Career Criminal, and that he is entitled to re-sentencing without application of the ACCA.[1] The parties therefore jointly sought, and obtained, authorization from the Ninth Circuit to file a second 2255 Motion.[2] *See* CR 103. The parties further agree that resentencing will be governed by *current*

---

[1] The parties agree that Jackson's prior conviction for attempted robbery under Nevada law is no longer a "violent felony" for purposes of the ACCA after *Johnson*. However, the parties disagree as to whether that conviction and Jackson's prior conviction for battery with a deadly weapon under Nevada law continue to qualify as "crimes of violence" for purposes of U.S.S.G. § 2K2.1 after *Johnson*.

[2] Before a federal prisoner may file a successive motion in the district court under § 2255, a court of appeals must certify that the motion satisfies one of the "gatekeeping" conditions in 28 U.S.C. § 2255(h).

2

law, including the fact that *Johnson* effectively renders invalid the residual clause of U.S.S.G. § 4B1.2.[3]

Notwithstanding these areas of agreement, the parties disagree about the correct calculation of Jackson's offense level and advisory guidelines range under current law. Specifically, the government contends that without the ACCA, Jackson's base offense level is 26 and his criminal history category is III, which results in a guidelines range of 78-97 months. However, Jackson argues that after *Johnson*, neither his prior conviction for attempted robbery nor his prior conviction for battery with a deadly weapon under Nevada law qualifies as a predicate crime of violence for purposes of § 2K2.1, and therefore his total offense level is 16. According to Jackson, with a total offense level of 16 and criminal history category of III, his resulting guideline range is 27-33 months. With these arguments in mind, the parties respectfully request the opportunity to brief their respective positions for the Court prior to a resentencing hearing. Chiefly, whether Jackson's prior convictions for attempted robbery and for battery with a deadly weapon are crimes of violence under U.S.S.G. § 2K2.1 after *Johnson*, and what sentence the Court should impose.

---

[3] The government does not believe that *Johnson* provides an independent basis for collateral relief relating to the sentencing guidelines. Where a defendant is entitled to § 2255 relief in the form of resentencing on some other ground, however, the district court at resentencing should sentence using the guidelines that are in effect at the time of resentencing. *Cf. Ferrara* v. *United States*, 384 F. Supp. 2d 384, 435 (D. Mass. 2005), *aff'd*, 456 F.3d 278 (1st Cir. 2006).

3

**V.     Conclusion**

For the foregoing reasons, the parties respectfully request that the court grant this joint motion, vacate Defendant's sentence, and set a briefing scheduled regarding re-sentencing.

Dated this 23rd day of June, 2016.

Respectfully submitted,

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | DANIEL G. BOGDEN<br>United States Attorney |
| By: *s/ Nisha Brooks-Whittington* | By: *s/ Elizabeth O. White* |
| NISHA BROOKS-WHITTINGTON<br>Assistant Federal Public Defender<br>District of Nevada<br>411 E. Bonneville Ave Suite 250<br>Las Vegas, NV 89101<br>Phone: 702-388-6577<br>Fax: 702-388-6261<br>*Attorney for Clifton James Jackson* | ELIZABETH O. WHITE<br>Appellate Chief and<br>Assistant U.S. Attorney<br>District of Nevada<br>100 West Liberty, Suite 600<br>Reno, Nevada 89523<br>Phone: 775/784-5438<br>Fax: 775-784-5181 |

IT IS SO ORDERED this  20th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE